UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

LAMAR WHITE,

    Plaintiff,

v.                              Case No. CV406-207

DANNIE THOMPSON, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

Defendants have filed a "pre-answer" motion to dismiss plaintiff's complaint on the ground that plaintiff has failed to exhaust his administrative remedies prior to filing the instant action. Doc. 13. For the reasons that follow, defendants' motion should be DENIED.

Plaintiff, currently confined at the Tattnall County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that he was wrongfully imprisoned by the Georgia Department of Corrections from July 12, 2005 to January 11, 2006. Plaintiff alleges that although he was granted an appeal bond following a June 22, 2000 conviction in the Superior Court

of Tattnall County, the Tattnall County Sheriff's Department arrested him on July 12, 2005 and sent him to Coastal State Prison. On January 11, 2006, the Superior Court of Chatham County granted plaintiff's petition for writ of habeas corpus, finding that he had been "wrongfully detained despite the pendency of an appeal bond granting his release." Doc. 1, Ex. A. The court ordered the Department of Corrections to release plaintiff and transfer him to the Sheriff of Tattnall County, where he was subject to an outstanding bench warrant for some unspecified matter.

Defendants acknowledge that plaintiff filed an informal grievance related to the issues in his complaint, but they nevertheless contend that plaintiff did not exhaust his administrative remedies because he failed to appeal the grievance after the warden neglected to respond to the grievance within the allotted time set by prison regulation. Doc. 14.

Prior to bringing a civil action challenging the conditions of his confinement, a prisoner is required to exhaust all available administrative remedies. The Prison Litigation Reform Act (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought **with respect to prison conditions** under Section 1983 of this title, or

2

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).

Plaintiff's claim of false imprisonment, however, does not relate to "prison conditions" within the meaning of 1997e(a).  Fuller v. Kansas, 2005 WL 1936007, *2 (D.Kan. 2005) ("[P]laintiff's claims of false arrest and false imprisonment do not pertain to his 'prison conditions,' 42 U.S.C. § 1997e(a)[,] or 'prison life.'").  In Fuller, as in this case, plaintiff claimed that he was wrongfully confined in prison because of an alleged false arrest and false imprisonment.  The court concluded that to construe the exhaustion provision of the PLRA as encompassing such a suit strays too far from the plain meaning of the statute, which only applies to suits challenging the conditions of an inmate's confinement, not to suits contesting the fact of that confinement.  This Court agrees with that analysis.  Because plaintiff's claim that he was wrongfully detained at Coastal State Prison does not pertain to the conditions of his confinement at that facility, plaintiff need not have exhausted any administrative remedies prior to filing his complaint.

Plaintiff has also filed a motion to add a third party defendant. Doc. 17. Plaintiff failed to attach a certificate of service to this motion indicating that he served a copy of the motion on defendants. Local Rule 5.1 requires that "[e]ach paper served...shall include a certificate of the person or firm making service, his or its relationship to the parties, action, or proceeding, and the date, method, and address of service." See also Fed. R. Civ. P. 5(a). The Court will not consider a motion that has not been served on defendants or their counsel.

Based upon the foregoing, defendant's motion to dismiss should be DENIED. Plaintiff's motion to add a third party defendant is DENIED without prejudice to reassert that motion upon compliance with the local rule.

**SO REPORTED AND RECOMMENDED** this ___1st___ day of February, 2007.

UNITED STATES MAGISTRATE JUDGE
**SOUTHERN DISTRICT OF GEORGIA**