FILED
U.S. DISTRICT COURT
SAVANNAH DIV

2007 FEB 26 AM 9:34

CLERK _____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LAMAR WHITE,

    Plaintiff,

v.               406CV207

DANNIE THOMPSON, et al.,

    Defendants.

### ORDER

42 U.S.C. § 1983 inmate-plaintiff Lamar White alleges that he was wrongfully imprisoned by the Georgia Department of Corrections from 7/12/05 - 1/11/06. Doc. # 22 at 1. Even though, he says, he was granted a state court appeal bond on his 6/22/00 conviction, the Tattnall County Sheriffs Department arrested him on 7/12/05 and sent him to a state prison. *Id.* at 1-2. On 1/11/06, a state habeas court granted him habeas relief, finding that he had been wrongfully detained in light of the appeal bond. *Id.* at 2; doc. # 1 at 5-6.

The issue is at this juncture is whether White has complied with the Prison Litigation Reform Act's (PLRA's) requirement that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In analyzing the issue, the Magistrate Judge (MJ) cited the Defendants' argument:

> Defendants acknowledge that plaintiff filed an informal grievance related to the issues in his complaint, but they nevertheless contend that plaintiff did not exhaust his administrative remedies because he failed to appeal the grievance after the warden neglected to respond to the grievance within the allotted time set by prison regulation. Doc. 14.

Doc. # 22 at 2.

Advising this Court to reject that argument, the MJ, in his Report and Recommendation (R&R), reasoned that White's false imprisonment claim

> does not relate to "prison conditions" within the meaning of 1997e(a). *Fuller v. Kansas*, 2005 WL 1936007, *2 (D.Kan. 2005) ("[P]laintiffs claims of false arrest and false imprisonment do not pertain to his 'prison conditions,' 42 U.S.C. § 1997e(a)[,] or 'prison life.'"). In *Fuller*, as in this case, plaintiff claimed that he was wrongfully confined in prison because of an alleged false arrest and false imprisonment. The court concluded that to construe the exhaustion provision of the PLRA as encompassing such a suit strays too far from the plain meaning of the statute, which only applies to suits challenging the conditions of an inmate's confinement, not to suits contesting the fact of that confinement. This Court agrees with that analysis. Because plaintiff's claim that he was wrongfully detained at Coastal State Prison does not pertain to the conditions of his confinement at that facility, plaintiff need not have exhausted any administrative remedies prior to filing his complaint.

Doc. # 22 at 3.[1]

---

[1] The *Fuller* case, which was affirmed on other grounds, 175 Fed.Appx. 234 (10th Cir. 2006), has been relied on in *Battle v. Whetsel*, 2006 WL 2010766 at * 3 n. 4 W.D.Okla. 7/1/06) (unpublished), which reached the same result on "non-prison-condition" claims raised there.

Defendants object on two grounds. First, they insist that the MJ misstated their argument *and* erred factually:

> Plaintiff did file an informal grievance, and his informal grievance was responded to. He was afforded the opportunity to discuss his grievance with prison officials, and indicated at first that the problem was being resolved. Later, however, he indicated that his complaint was not solved, but failed to request a Formal Grievance Form. It is uncontested that Plaintiff has not filed a Formal Grievance. Therefore, he has not exhausted his administrative remedies.

Doc. # 26 at 3.

On top of that, defendants further contend, the MJ erred legally. It does not matter whether it would be futile to grieve a claim, they say, because under binding precedent *all* claims must be administratively exhausted, and there are no exceptions. *Id.* at 4-9.[2] They primarily rely upon *Alexander v. Hawk,* 159 F.3d 1321, 1325 (11th Cir. 1998) (arguably futile and inadequate nature of administrative remedies as applied to prisoner's claims for monetary and injunctive relief did not preclude application of mandatory exhaustion requirement of PLRA to *Bivens* action attacking statute restricting prisoner access to magazines that were sexually explicit or featured nudity); *see also McDaniel v. Crosby*, 194 Fed.Appx. 610, 613 (11th Cir. 2006) ("we have explained that the district court cannot simply waive the exhaustion requirements where the court determines that the administrative remedies are futile or inadequate").

Defendants advocate an absolutist view of the exhaustion requirement -- that it is required for *all* prisoner cases, even if the claim has nothing to do with prison conditions. Citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("*All* available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective") (emphasis added; quotes and cites omitted), at least two courts have required exhaustion for false-imprisonment claims. *Everage v. Whitaker*, 2006 782744 at * 7 (E.D.Ky. 3/27/06) (unpublished); *Burton v. Scribner*, 2006 WL 3780950 at * 3 (E.D.Cal. 12/21/06) (unpublished).

But both *Porter* and *Alexander* in fact did involve claims that had something to do with actually being in prison. In *Porter* the inmate claimed that he was singled out "for a severe beating" in his case, 534 U.S. at 519, while in *Alexander* the inmate litigated his claimed right to receive sexually explicit magazines *in prison*. 159 F.3d at 1322. These are prison-life matters, not something that relates to an incident that occurred *outside* of prison (like, the wrongful arrest and directive to send someone *to* prison).

Finally, while the *Porter* Court did say that "all available remedies" must be exhausted, it did so while referencing prior precedent language linking such claims "with respect to prison conditions." *Porter*, 534 U.S. at 524 (quotes omitted). Under the defendants' logic even the occasional habeas claim erroneously advanced as a civil rights claim would be subjected to PLRA grievance procedures, possibly causing statute of limitation problems. There is simply no indication that Congress intended that result when it enacted the PRLA.

The *Everage* and *Burton* courts did not mention these distinctions and therefore do not

---

[2] Those who violate S.D.GA.LOC.R 10.1's pagination command needlessly burden this Court. *See* doc. # 26 (defendants' brief). The Court has manually paginated doc. # 26 so that it can pin cite to pages within it. Counsel are instructed to train themselves and their staff to use their word processor's pagination feature.

constitute convincing precedent here. The Court is therefore not persuaded that the MJ erred on this latter point, though it certainly is clear that the appellate courts could articulate a brighter line on that score.

Accordingly, the Court *ADOPTS* the MJ's R&R, doc. # 22, and *RE-REFERS* this case for further proceedings consistent with this opinion.

This 26 day of February, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA