# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LAMAR WHITE, )
)
    Plaintiff, )
)
v. ) Case No. CV406-207
)
DANNIE THOMPSON, et al., )
)
    Defendants. )

## ORDER

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against the warden of the Coastal State Prison on August 18, 2006. Doc. 1. After initial screening pursuant to 28 U.S.C. § 1915A, the Court determined that plaintiff had stated a colorable § 1983 claim and directed service of the complaint. Doc. 7. Plaintiff filed a second complaint, docketed by the clerk as an amended complaint on December 4, 2006, in which he proposed to add three new defendants. Doc. 11. On December 14, 2006, the Court allowed plaintiff to proceed against two of these proposed defendants, Quinton Rush and an unnamed member of the Georgia Department of Corrections, and denied plaintiff's request to

proceed against Debbie Crews.[1] Doc. 16. Plaintiff has filed a motion to amend his complaint to substitute James Donald for the unnamed member of the Georgia Department of Corrections.[2] Doc. 25.

Because plaintiff has been allowed to proceed *in forma pauperis*, he is entitled to have the United States Marshal effect service on defendant. See Fed. R. Civ. P. 4(c)(2); Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir. 1990). Although the Court permitted plaintiff to proceed against defendants Rush and the unnamed member of the Georgia Department of Corrections after plaintiff filed his amended complaint, the amended complaint was never served on these defendants. Doc. 25. Plaintiff's motion is GRANTED. The Clerk is DIRECTED to forward a copy of plaintiff's complaint and amended complaint to the Marshal for service upon defendants Rush and Donald.

Defendant Thompson has filed a motion to strike some of plaintiff's pleadings on the ground that plaintiff failed to serve him with them. Doc. 27. Defendant Thompson asserts that he only obtained a copy of

---

[1] The Clerk is DIRECTED to remove Debbie Crews as a defendant to this action.

[2] Plaintiff has also filed a motion to reconsider an earlier denied motion to amend. Doc. 24. This motion is denied as moot, as the changes are the same as in the present motion.

the documents through PACER. Id. Defendant concedes that each of the documents he seeks to strike had a certificate of service attached to it but contends that he never received the copies. Id. Plaintiff responded to defendant's motion though a "motion to dismiss defendant's [motion to] strike pleadings and for imposition of sanctions", in which he asserts that he has mailed a copy of each filing to defense counsel with sufficient postage. Doc. 29.

"[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Local Rule 5.1 requires that "[e]ach paper served . . . shall include a certificate of the person or firm making service, his or its relationship to the parties, action or proceeding, and the date, method, and address of service." See also Fed. R. Civ. P. 5(a). The Court has previously advised plaintiff that he must serve defense counsel with copies of his pleadings. Doc. 22. Plaintiff has acknowledged his obligation to serve his pleadings on opposing counsel and appears to be doing so from the certificates of service attached to his filings. Yet defendant insists that he is not receiving copies of all of plaintiff's filings. Plaintiff is reminded that

simply affixing a proper certificate of service to his filings is not sufficient—he must actually serve defendant's counsel by mailing defense counsel a copy of any paper he submits for filing with the Clerk. If plaintiff persists in the practice of failing to serve defendant's counsel, the Court may be required to inquire further into this matter and make findings of fact. If the facts are resolved against plaintiff, the Court may take stringent action against him, including the summary denial of any motion not properly served on defendant's counsel or the dismissal of this case. The proper service of motions and other papers on defense counsel is no mystery, for 99 percent of all prisoner litigants are able to comply with this necessary procedural step without difficulty. The Court will insist that this plaintiff do so as well, or he will face appropriate consequences.

Since defendant has acquired copies of plaintiff's latest filings through PACER, the Court will not strike plaintiff's filings at this time. But the Court once again reminds plaintiff that it will not consider any future filings that plaintiff fails to serve on defendants or their counsel. Defendant's motion to strike and for sanctions, doc. 27, is DENIED.

Plaintiff's "motion to dismiss" defendant's motion to strike, doc. 29, is DENIED.

Plaintiff has filed two motions asking the Court to reconsider its denial of his motion for default judgment. Docs. 34, 35. Plaintiff filed a motion for entry of default after defendants Rush and Donald failed to file an answer to his amended complaint. Doc. 19. The Court denied this motion since there was no indication these parties were served with plaintiff's complaint, and therefore no grounds for the entry of default existed. Doc. 31. Plaintiff's motions for reconsideration are DENIED.[3]

Plaintiff has also filed three documents entitled "motion for claim for relief" which are essentially reiterations of his claims against defendants. Docs. 36, 37, 38. These motions are DENIED.

**SO ORDERED** this 19TH day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] In his motions, plaintiff again moves to the Court to serve his complaint and amended complaint served upon defendants Rush and Donald. Docs. 34, 35. Plaintiff is DIRECTED to not file multiple motions requesting the same relief.