FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 JUN 20 PM 5:00
CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LAMAR WHITE, )
)
Plaintiff, )
)
v. ) Case No. CV406-207
)
DANNIE THOMPSON, et al., )
)
Defendants. )

## REPORT AND RECOMMENDATION

Defendant Dannie Thompson has filed a motion for judgment on the pleadings pursuant to Federal Rule 12(c). Doc. 33. Before the Court could address this issue, however, plaintiff filed a motion to amend his second amended complaint. Doc. 39. A non-movant may amend its pleadings before the Court rules on a motion for judgment on the pleadings. See, e.g., Didie v. Howes, 988 F.2d 1097, 1100 (11th Cir. 1993). Therefore, the Court will address plaintiff's motion first.

### I. Plaintiff's Motion to Amend

Unless a "substantial reason exists to deny leave to amend" a complaint, it should be granted. Shipner v. Eastern Airlines, Inc., 868

F.2d 401, 407 (11th Cir. 1989). Although "leave [to amend] shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), it is not automatic. Courts consider such factors such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). Defendants oppose plaintiff's amendment on the grounds of undue prejudice, futility, and undue delay under Foman. Doc. 40.

Defendant contends that plaintiff seeks to allege for the first time in his amended complaint that defendant was "deliberately indifferent," and that plaintiff should have known about and pleaded this in his original or previously amended complaints. Id. This is not a new claim, however, so much as a clarification of his earlier allegations: rather than merely alleging that defendant failed to act, plaintiff alleges that defendant had a particular mental state in his failure to act. Defendant argues that "discovery is heading toward a close," so that "expert retention issues" would unduly burden him. Doc. 40. Not only does discovery not close until over three months after plaintiff moved to amend, doc. 32, but this additional allegation does not unduly burden

2

defendant, as he has firsthand knowledge as to whether he was aware that plaintiff was wrongfully incarcerated and chose not to act despite this knowledge. Lastly, the allegation of deliberate indifference directly addresses contentions made in defendant's motion for judgment on the pleadings, so it is not futile. Accordingly, plaintiff's motion to amend, up to and including ground one, is GRANTED.

The addition of plaintiff's allegation of retaliation would be futile, however. "To state a retaliation claim . . . plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). This circuit imposes a heightened pleading requirement in section 1983 claims and forbids plaintiff from relying on "vague or conclusory" allegations. See GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established

right."). As such, in order to state a retaliation claim, plaintiff must provide some facts that would support his allegations of retaliation. Id. Plaintiff, however, merely relies upon conclusory allegations that defendants' actions were in retaliation for the filing of his grievance. Doc. 39. As plaintiff does not assert any facts that would indicate any of the alleged actions were in retaliation for his grievance, id., he fails to meet Bennett's third requirement for stating a retaliation claim. 423 F.3d at 1250. Accordingly, plaintiff's motion to amend is DENIED with respect to count three.[1]

## II. Defendant's Motion for Judgment on the Pleadings

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). "When reviewing a judgment on the pleadings, we accept the

---

[1] Plaintiff's motion does not include a "count two." Furthermore, without addressing it in either his motion or response, doc. 41, plaintiff has attached a prepared order for the Georgia Department of Corrections to provide him with copies of his documents related to this suit. The Court is not in the business of micro-managing correctional institutions, and so plaintiff's request is denied.

facts in the complaint as true and view them in the light most favorable to the nonmoving party." Ortega v. Christian, 85 F.3d 1521, 1524-25 (11th Cir. 1996).

Defendant contends that plaintiff fails to assert any allegations directly against him. Id. Pleadings by pro se litigants like plaintiff are generally held to less stringent standards than formal pleadings drafted by a trained attorney and are construed more liberally in resolving a motion for judgment on the pleadings. Jerome v. Marriott Residence Inn, 211 Fed. Appx. 844, 846 (11th Cir. 2006). Construing the allegations in this manner, the Court can reasonably infer that plaintiff was falsely imprisoned at Coastal State Prison, where defendant is warden, and that defendant failed to properly investigate whether plaintiff was lawfully incarcerated therein.[2] Doc. 6.

On June 21, 2000, plaintiff was convicted by a jury in Tattnall County Superior Court,[3] but he was released on an appeal bond on June

---

[2] Defendant points out that plaintiff filed a supporting brief, doc. 6, but that it is not an appropriate addition to a complaint. Doc. 33. This Court, however, noted that it would construe the brief as a motion to amend plaintiff's complaint. Doc. 11 ("Plaintiff has filed a 'brief' adding additional information, which the Court will construe as a motion to amend his complaint. Doc. 6. The motion is GRANTED.").

[3] It is not clear on what charge(s) plaintiff was convicted.

30, 2000. Doc. 1. Plaintiff was arrested on an outstanding bench warrant on July 5, 2005 and transferred to Coastal State Prison on July 12, 2005. Id. Plaintiff filed a grievance concerning his unlawful confinement on September 21, 2005 and brought the matter to the attention of various prison officials.[4] Doc. 39. On January 11, 2006, the Chatham County Superior Court granted plaintiff a writ of habeas corpus and ordered his release from Coastal State Prison. Doc. 1.

In order to establish a cognizable claim under § 1983, plaintiff must show the elements of common law false imprisonment—(1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm—and establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment. Ortega, 85 F.3d at 1526. The pleadings contain facts that satisfy the § 1983 standard for false imprisonment. Plaintiff alleges that defendant incarcerated him for six months without affording him a hearing to show that he was being wrongfully detained. Docs. 1, 6, 11. Plaintiff had a right to be free from imprisonment for his June 22, 2000 conviction, as he alleges that his appeal bond was never

---

[4]Plaintiff does not allege that he personally spoke to defendant.

revoked. Id. Furthermore, plaintiff alleges that defendant was aware of, and deliberately indifferent to, this fact in failing to grant plaintiff a hearing or investigate the propriety of his incarceration. Doc. 39. As stated in his pleadings, the alleged facts establish a violation of plaintiff's due process rights. See Kelley v. Ga. Dep't of Corr., 145 Fed. Appx. 329, 330 (11th Cir. 2005) ("prisoners have a 'constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release,'" and noting that "a showing of deliberate indifference is required to establish a violation of substantive due process rights protected by the fourteenth amendment"); see also Cannon v. Macon County, 1 F.3d 1558, 1562 (11th Cir. 1993) ("continued detention in the face of repeated protests will deprive the accused of liberty without due process") (citing Baker v. McCollan, 443 U.S. 137, 141 (1979) ("We may even assume, arguendo, that, depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law.'")).

Plaintiff has stated a cognizable claim against defendant under 42 U.S.C. § 1983.

Defendant also claims that he is immune from liability, both in his official and individual capacity. Doc. 33. "[T]he Eleventh Amendment does not prohibit a plaintiff from suing state officials in their official capacities for prospective injunctive relief." Miller v. King, 384 F.3d 1248, 1260 (11th Cir. 2004). Although plaintiff requests a preliminary and permanent injunction, doc. 1, it is not clear what injunctive relief he is actually seeking and the issue is likely moot, as he is no longer incarcerated at Coastal State Prison. Doc. 43. Insofar as plaintiff is seeking monetary damages from defendant in his official capacity, defendant is afforded Eleventh Amendment immunity. Miller, 384 F.3d at 1259-60. All remaining claims should proceed against defendant solely in his individual capacity.

Qualified immunity shields government officials performing discretionary functions from suits in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800,

818 (1982)); see also Anderson v. Creighton, 483 U.S. 635, 638 (1987). The doctrine of qualified immunity "'ensure[s] that before they are subjected to suit, officers are on notice their conduct is unlawful.'" Hope, 536 U.S. at 739 (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)).

For government officials to be entitled to qualified immunity, they must show that they were acting within the scope of their discretionary authority when the alleged unconstitutional act occurred. Wood v. Kesler, 323 F.3d 872, 877 (11th Cir. 2003); Vinyard v. Wilson, 311 F.3d 1340, 1346 (2002). Once government officials have established that they were acting within the scope of their discretionary authority, the burden then shifts to the plaintiff to demonstrate that qualified immunity is inappropriate. Vinyard, 311 F.3d at 1346. The Supreme Court has established a two-part analysis for making this determination. Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003) (citing Saucier, 533 U.S. at 201). Viewing the facts in the light most favorable to the plaintiff, the Court must first determine whether defendant's conduct violated a constitutional right. Id. If a violation of a constitutional right is sufficiently alleged in the complaint, the court must then assess

whether that right was clearly established at the time of the violation. Id.

The actions and omissions alleged by plaintiff were within defendant's discretionary authority as warden of Coastal State Prison, as he incarcerated plaintiff pursuant to the performance of his duties. However, plaintiff's right to be free from false imprisonment without due process of law was clearly established at the time of his incarceration, and defendant allegedly violated this right. See Cannon, 1 F.3d at 1564; see also Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980); McCurry v. Moore, 242 F. Supp. 2d. 1167, 1182 (N.D. Fla. 2002) (holding that it is "clearly established that a prison official must not be deliberately indifferent to a claim of unlawful imprisonment when the prisoner presents information which reasonably raises the issue"). Furthermore, "where a prisoner is held in jail without a court order or written mittimus, the jailer is liable for false imprisonment. . . . The fact that the jailer is without personal knowledge that the prisoner is held unlawfully does not constitute a defense to an action for false imprisonment." Whirl v. Kern, 407 F.2d 781, 791 (5th Cir. 1969). See also Villanueva v. County of Montgomery, 1994 WL 396368, at *3-4 (E.D. Pa. July 29, 1994) ("In

his complaint, [plaintiff] alleges that [defendants] intentionally detained him, without either a court order requiring his detention or a prompt hearing to determine the propriety of the detention. Under such circumstances, a reasonable individual in the defendants' positions would be expected to have conducted at least a minimal investigation to determine the propriety of the plaintiff's incarceration. . ."). Plaintiff's complaint is not entirely clear, but it appears that while he was arrested on a bench warrant unrelated to his earlier conviction, he was transferred to Coastal State Prison pursuant to said conviction (even though he had been granted a bond pending appeal of that conviction). Doc. 1. As such, it is unclear whether plaintiff was jailed at Coastal State Prison pursuant to a judicial order.

When dealing with a motion for judgment on the pleadings, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scala v. Am. Airlines, 249 F. Supp. 2d 176, 178 (D.C. Conn. 2003). In the instant case, there remain a number of material facts that must be fleshed out before judgment can be rendered. "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

test." Id. Accordingly, judgment on the pleadings is not proper at this time for plaintiff's federal action.

Lastly, defendant contends that to the extent that plaintiff has brought state law claims against him, they must be dismissed pursuant to O.C.G.A. § 50-21-25(a) and O.C.G.A. § 50-21-26. Doc. 33. The Georgia Code provides that "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a). As discussed infra, defendant was acting within the scope of his employment at all times relevant to this action. Accordingly, any state tort claim alleged by plaintiff should be dismissed. See Fedorov v. Bd. of Regents, 194 F. Supp. 2d 1378, 1393 (S.D. Ga. 2002).

Accordingly, defendant's motion for judgment on the pleadings must be GRANTED IN PART (with respect to plaintiff's state law claims) and DENIED IN PART (with respect to plaintiff's claims pursuant to § 1983).

**SO REPORTED AND RECOMMENDED** this 20$^{TP}$ day of **June, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA