# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LAMAR WHITE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV406-207 |
| DANNIE THOMPSON, *Warden*; QUINTON RUSH, *Sheriff*; and MEMBER OF THE DEPARTMENT OF CORRECTIONS, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Defendant Quinton Rush has filed a "pre-answer" motion to dismiss plaintiff's complaint on the ground that plaintiff has failed to exhaust his administrative remedies prior to filing the instant action. (Doc. 64.) Defendant Rush has also filed a motion to dismiss the complaint on the ground that plaintiff's criminal cases are still pending. (Doc. 69.) For the reasons that follow, defendant's motions should be **DENIED**.

## I. BACKGROUND

Plaintiff, currently confined at the Tattnall County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that he was wrongfully imprisoned by the Georgia Department of Corrections from July 12, 2005 to January 11, 2006. (Doc. 11 at 5.) Plaintiff alleges that although he was granted an appeal bond following a June 22, 2000 conviction in the Superior Court of Tattnall County, the Tattnall County Sheriff's Department arrested him on July 12, 2005 and sent him to Coastal State Prison. (Id.) On January 11, 2006, the Superior Court of Chatham County granted plaintiff's petition for writ of habeas corpus, finding that he had been "wrongfully detained despite the pendency of an appeal bond granting his release." (Doc. 1 Ex. A.) The court ordered the Department of Corrections to release plaintiff and transfer him to the Sheriff of Tattnall County, where he was subject to an outstanding bench warrant for some unspecified matter.

## II. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Though defendant acknowledges that plaintiff filed an informal grievance related to the issues in his complaint, he contends that plaintiff did not exhaust his administrative remedies because he failed to appeal the grievance when the warden neglected to respond to the grievance within the allotted time set by prison regulation. (Doc. 65.)

Another defendant in this case, Dannie Thompson, previously sought to dismiss plaintiff's complaint because he failed to exhaust his administrative remedies prior to filing suit in this Court. (Doc. 13.) The Court denied that motion, ruling that "[b]ecause plaintiff's claim that he was wrongfully detained at Coastal State Prison does not pertain to the conditions of his confinement at that facility, plaintiff need not have exhausted any administrative remedies prior to filing his complaint." (Doc. 28 (adopting Doc. 22 at 3.))

This is the law of the case and applies as equally to defendant Rush as it did to defendant Thompson. United States v. Garzon, 223 F. App'x 899, 901 (11th Cir. 2007) (quoting United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) ("Under the

3

law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case.")). Defendant is simply wasting his own and this Court's valuable time in urging an argument that has previously been considered and rejected.

Accordingly, defendant's motion to dismiss based on failure to exhaust administrative remedies should be **DENIED**.

### B. Motion to Dismiss Based on Absention or in the Alternative a Motion to Stay the Proceedings

Defendant's motion to dismiss further argues that the Court should either abstain from hearing the present case or stay the proceedings until plaintiff's criminal charges and appeals are resolved. (Doc. 69.) As plaintiff is not challenging the validity of his conviction, the Court sees no reason to abstain from hearing the case or stay the proceedings pending resolution of his criminal case.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-487. The Court went on to state that "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id. (emphasis in original).

If plaintiff's false arrest and imprisonment claim is successful, it would not imply that the plaintiff's underlying convictions were unlawful. Instead, it would simply vindicate plaintiff's right to be free from wrongful arrest and detention after he had secured his release on bond during the pendency of his appeal. Therefore, the Court sees no reason to abstain from hearing the present case pending resolution of plaintiff's criminal charges. Furthermore, an order staying this case until the conclusion of his criminal case is inappropriate. Hence, defendant's motion to dismiss should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 31st day of January, 2008.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA