# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LAMAR WHITE, )
)
    Plaintiff, )
)
v. ) Case No. CV406-207
)
DANNIE THOMPSON, JAMES )
DONALD, and QUINTON RUSH, )
)
    Defendants. )

## REPORT AND RECOMMENDATION

All defendants have filed motions for summary judgment in this case. (Docs. 78, 83.) Plaintiff has responded to their motions. (Doc. 88.) For the following reasons, defendants' motions for summary judgment should be **GRANTED**.

## I. BACKGROUND[1]

---

[1] For purposes of this summary judgment motion, the Court deems the material facts set forth in the defendants' statements of uncontested facts to be admitted, as the plaintiff failed to contest them. See Cockrell v. Sparks, 510 F.3d 1307, 1310 n.2 (11th Cir. 2007); L.R. 56.1 (stating that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party").

On June 29, 1999, Tom Durden, the District Attorney for the Atlantic Judicial Circuit of Georgia, filed an accusation against plaintiff in Tattnall County Superior Court charging him with one count of possession of cocaine with intent to distribute and one count of theft by receiving stolen property. (Doc. 83 Ex. A.) The case number assigned was 99-R-84 (Id.) A jury convicted plaintiff on the cocaine charge and count two was dismissed. (Doc. 83 Ex. B.) The court sentenced plaintiff to twenty years' imprisonment on June 22, 2000. (Id.) On June 26, 2000, plaintiff filed a "Motion for Continuation/Appeal Bond" requesting that the court set an appeal bond. (Doc. 83 Ex. C.) Two days later, he filed a motion for new trial. (Doc. 83 Ex. D.) On June 30, 2000, the court entered an order granting an appeal bond to plaintiff to extend through the appellate stages of the proceedings. (Doc. 83 Ex. E.)

Meanwhile, on June 26, 2000, the Tattnall County Superior Court Clerk's Office notified the Georgia Department of Corrections ("DOC") of plaintiff's conviction and sentence. (Doc. 78 Ex. 1); O.C.G.A. § 42-5-50 (2007) (requiring the clerk of court to notify the DOC of a sentence within thirty days following the

receipt of the sentence). As a result of being notified by the clerk's office of plaintiff's conviction and sentence, the DOC sent a detainer letter to the Tattnall County Sheriff's Department on August 18, 2000 requesting the sheriff's office to notify the DOC when it could assume custody of plaintiff. (Doc. 78 Ex. 5.)

The following year, while he remained free on the appeal bond in case 99-R-84, plaintiff was indicted for aggravated assault and obstruction of a law enforcement officer in a separate case, 2001-R-171. (Doc. 83 Ex. F.) After posting an appearance bond in that case, plaintiff remained free. (Doc. 83 Ex. G.) However, after plaintiff failed to appear in court on those charges, the Tattnall Superior Court Judge issued a bench warrant for his arrest on July 8, 2002. (Doc. 83 Ex. H.)

Despite issuance of the bench warrant, plaintiff remained free until law enforcement authorities in Toombs County, Georgia discovered him on July 5, 2005. (Doc. 78 Ex. 1 at 20.) Authorities from Tattnall County then picked him up and brought him to Tattnall County Jail. (Id. at 21.) On July 12, 2005, plaintiff was transferred to the custody of the DOC. (Id.) The DOC placed

plaintiff in Coastal State Prison where he remained until around January 11, 2006. (Id. at 36-37.)

While incarcerated at Coastal State Prison, plaintiff filed a habeas corpus petition with the Chatham County Superior Court. (Id. at 24.) After finding that plaintiff had not completed the appeals process for the underlying conviction and finding no record of revocation or termination of his appeal bond, on January 11, 2006, the court granted his writ of habeas corpus and ordered the DOC to release him immediately and transfer him to the Sheriff of Tattnall County, where a bench warrant for his arrest remained outstanding. (Doc. 83 Ex. I.)

On July 31, 2006, the Superior Court of Tattnall County entered an order dismissing case 01-R-171 without prejudice. (Doc. 83 Ex. J.) In case 99-R-84, however, the trial court denied plaintiff's motion for new trial, and the appellate court affirmed his conviction. (Doc. 88 Ex. 2.)[2] On August 9, 2006, the Superior Court of Tattnall County denied plaintiff's request for a certificate so that he might appeal the court's decision to revoke his appeal

---

[2] To eliminate confusion caused by plaintiff's odd exhibit–numbering system, the Court notes that this information came from the "Appellate Information Form."

bond and stated that he must begin serving his twenty-year sentence in case 99-R-84. (Doc. 83 Ex. K.) Plaintiff states in his deposition that he received credit towards his twenty-year sentence for the time he spent in Coastal State Prison. (Doc. 78 Ex. A at 106.)

On August 18, 2006, plaintiff filed the instant action under 42 U.S.C. § 1983 alleging that he was wrongfully imprisoned by the Georgia Department of Corrections from July 12, 2005 to January 11, 2006. (Doc. 11 at 5.) Plaintiff sues Dannie Thompson, Warden of Coastal State Prison; Quinton Rush, Tattnall County Sheriff; and James Donald, Commissioner of the Department of Corrections.

## II. LEGAL FRAMEWORK AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). To survive a motion for summary judgment, the nonmoving party must establish that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–86 (1986). If the record taken as a whole would preclude a rational fact finder from deciding in the non-moving party's favor, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.

### B. O.C.G.A. § 42-5-50

According to O.C.G.A. § 42-5-51(b), any person convicted of a felony and sentenced to serve time in any penal institution in Georgia "shall be committed to the custody of the commissioner [of corrections]." O.C.G.A. § 42-5-50(a) requires the clerk of the court to notify the commissioner of a sentence within thirty days following the receipt of the sentence. However, "[i]n the event that the convicted person is free on bond pending the appeal of his conviction, the notice provided for in subsection (a) . . . shall not be transmitted to the commissioner until all appeals of such

6

conviction have been disposed of or until the bond shall be revoked." O.C.G.A. § 42-5-50(e).

In the present case, the clerk of court sent the notification required under O.C.G.A. § 42-5-50(a) on June 26, 2000, four days prior to the issuance of the appeal bond on June 30, 2000. (Doc. 78 Ex. 1; Doc. 83 Ex. E.) The clerk did not violate the provisions of O.C.G.A. § 42-5-50(e) since the appeal bond had not yet been granted when she transmitted the notice to the commissioner. After the appeal bond was granted, the clerk did not recall or amend the notification, and the DOC subsequently issued a request for plaintiff to be transferred to state custody. (Doc. 83 at 11; Doc. 78 Ex. 5.) Neither the courts nor O.C.G.A. § 42-5-50 appear to have addressed how this particular circumstance is to be handled.

### C. 42 U.S.C. § 1983

In order to survive a motion for summary judgment, plaintiff must show that there exists a genuine issue of material fact as to whether he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed by a defendant acting under color of state law.

7

N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1562 (11th Cir. 1990); Perrin v. City of Elberton, No. CV303-106, 2005 WL 1563530, * 3 (M.D. Ga. 2005).

The Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); accord Nichols v. Riley, 141 F. App'x 868, 869 (11th Cir. 2005). In this case, it is clear that if plaintiff was not incarcerated in Coastal State Prison, he would have been incarcerated in Tattnall County. (See Doc. 83 Ex. I (where the state habeas court granted plaintiff's petition but rather than releasing him, transferred him to Tattnall County to face charges stemming from his bench warrant)).[3] Therefore, despite plaintiff's contention that his complaint is one for "false imprisonment," the issue in this case is not *whether* plaintiff should have been detained; rather, the question is simply *where* plaintiff should have

---

[3] Plaintiff claims that he was falsely imprisoned from July 12, 2005 to January 11, 2006. (Doc. 11 at 5.) The Superior Court of Tattnall County did not enter the order dismissing case 01-R-171 without prejudice until July 31, 2006. (Doc. 83, Ex. J.) Therefore, it is clear that if plaintiff had not been detained at Coastal State Prison, he would have been detained in Tattnall County Jail awaiting disposition of case 01-R-171.

8

been detained. Since plaintiff does not have a constitutional right to be detained in a county rather than a state facility, he has failed to show that there is a genuine issue as to any material fact in this case. Therefore, defendants' motions for summary judgment should be **GRANTED**. Olim, 461 U.S. at 245; Moody, 429 U.S. at 88 n. 9; Nichols, 141 F. App'x at 869; Joyner v. Wezner, 2000 Conn. Super. LEXIS 2673, at *7 (Conn. Super. Ct. Oct. 5, 2000) (holding that plaintiff had no "constitutional, statutory, or common law right to confinement at any particular correctional facility").

## III. CONCLUSION

For the foregoing reasons, the Court finds that plaintiff has failed to establish that there is a genuine issue of material fact requiring a trial and that defendants have shown that they are entitled to judgment as a matter of law. Accordingly, defendants' motions for summary judgment should be **GRANTED** and the case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this __10th__ day of March, 2008.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**